IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**BRAD KLINGE**                                                                                  **PLAINTIFF**

vs.                                                 No. 5:20-cv-470

**KBL ASSOCIATES, LLC, and**                                                **DEFENDANTS**
**KIMBERLY LEATHERWOOD**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Brad Klinge ("Plaintiff"), by and through his attorney Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint against Defendants KBL Associates, LLC, and Kimberly Leatherwood (collectively "Defendant" or "Defendants"), he does hereby state and allege as follows:

## I.      INTRODUCTION

1.      Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee, as a result of Defendants' failure to pay Plaintiff an overtime premium as required by the FLSA.

2.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, *infra*.

3.      Plaintiff also brings this action under the Texas Labor Code § 61.014 for his final paycheck as a result of Defendants' failure to pay Plaintiff his final paycheck as required within six days of his termination.

## II.   JURISDICTION AND VENUE

3.      The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.      The acts complained of herein were committed and had their principal effect against Plaintiff within the San Antonio Division of the Western District of Texas. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

6.      Plaintiff is a citizen and resident of Guadalupe County.

7.      Separate Defendant KBL Associates, LLC ("KBL"), is a Tennessee limited liability company.

8.      Upon information and belief, KBL is not registered to do business in Texas.

9.      KBL's registered agent for service in Tennessee is Kimberly Leatherwood, at 5276 Blue Springs Parkway, Greeneville, Tennessee 37743.

10.     Separate Defendant Kimberly Leatherwood ("Leatherwood") is an individual and a resident of Tennessee.

11.     Defendants maintain a website at https://kblassociatesllc.com/.

## IV.   FACTUAL ALLEGATIONS

12.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

13.     Defendants provide consulting services for other businesses.

14.     Leatherwood is an owner, principal, officer and/or director of KBL.

15.     Leatherwood manages and controls the day-to-day operations of KBL,

including but not limited to the decision to not pay Plaintiff an overtime premium.

16.    Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

17.    During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

18.    Defendant was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d) at all times relevant to this lawsuit.

19.    Plaintiff was employed by Defendant as a Business Consultant during the time period relevant to this lawsuit.

20.    Plaintiff worked for Defendant during the three years preceding the filing of this Complaint.

21.    At all times material hereto, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA.

22.    Plaintiff was employed by Defendant as an hourly-paid Business Consultant from August of 2019 until March of 2020.

23.    Plaintiff regularly worked in excess of forty (40) hours per week.

24.    Defendant paid Plaintiff his regular hourly rate for all hours worked, including hours worked in excess of forty (40) per week.

25.    Defendant did not pay Plaintiff an overtime premium of one and one half

(1.5) times his regular hourly rate for all hours worked in excess of forty (40) per week.

26.     Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff violated the FLSA.

27.     Defendant terminated Plaintiff's employment in March of 2020.

28.     Plaintiff has not received his final paycheck.

## V.     FIRST CLAIM FOR RELIEF
### (Claim for Violation of the FLSA)

30.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

31.     At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the FLSA.

32.     At all relevant times, Plaintiff has been an "employee" of Defendant as defined by 29 U.S.C. § 203(e).

33.     At all relevant times, Defendant was an "employer" of Plaintiff as defined by 29 U.S.C. § 203(d).

34.     29 U.S.C. §§ 206 and 207 requires any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

35.     Defendant failed to pay Plaintiff an overtime premium as required under the FLSA.

36.     At all relevant times, Defendant willfully failed and refused to pay Plaintiff a proper overtime premium under the FLSA because Defendant paid Plaintiff his regular

hourly rate for all hours worked over forty (40) in a week.

37.     Defendant's violations entitle Plaintiff to compensatory damages calculated as the full amount of overtime wages owed.

38.     Defendant also willfully failed and refused to pay Plaintiff minimum wages for all hours he worked during his final pay period.

39.     Defendant's violations entitle Plaintiff to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

40.     Plaintiff is entitled to an award of his attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

## VI.     SECOND CLAIM FOR RELIEF
### (Claim for Last Paycheck Under the Texas Labor Code)

41.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

42.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the Texas Labor Code.

43.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the Tex. Labor Code, § 61.001.

44.     Tex. Labor Code § 61.014 requires employers to pay terminated employees in full within six days after the date of discharge and requires employers to pay an employee who leaves voluntarily within the date of the next scheduled payday.

45.     Defendant failed to pay Plaintiff for the final pay period he worked.

46.     Defendant has not paid Plaintiff his final paycheck; the time period specified in Tex. Labor Code § 61.014 has expired.

## VII.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Brad Klinge respectfully requests this Court grant the following relief:

A.     That each Defendant be summoned to appear and answer herein;

B.     That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to him;

C.     A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

D.     Judgment for damages for all unpaid back wages at the proper overtime rate owed to Plaintiff under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

E.     Judgment for liquidated damages pursuant to the FLSA, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

F.     Judgment for damages pursuant to the Texas Labor Code, § 61-014;

G.     An order directing Defendant to pay Plaintiff pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

H.     Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF BRAD KLINGE**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_/s/ Josh Sanford_
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com