## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BRAD KLINGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  5:20-cv-00470 |
| | ) | |
| KBL ASSOCIATES, LLC, and | ) | JURY DEMANDED |
| KIMBERLY LEATHERWOOD | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

### DEFENDANT KBL ASSOCIATES LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS

Defendant KBL Associates LLC ("Defendant" or "KBL"), improperly named as "KBL Associates, LLC", answers Plaintiff Brad Klinge's ("Plaintiff") Complaint as follows, and asserts the following affirmative defenses and counterclaims:

### INTRODUCTION

1. Defendant admits that Plaintiff brings this action under the Fair Labor Standards Act ("FLSA") but denies that it is in any way liable to Plaintiff under that statute or any other theory of law.

2. Denied.

3. Defendant admits that Plaintiff also brings this action under the Texas Labor Code § 61.014 but denies that it is in any way liable to Plaintiff under that statute or any other theory of law.

## JURISDICTION AND VENUE

3. Defendant admits that this court has subject-matter jurisdiction over this action.[1]

4. Defendant admits that venue is proper in this Court.

## THE PARTIES

6. Defendant is without sufficient information to respond to the allegation within this paragraph and therefore denies the same.[2]

7. Denied as stated.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

## FACTUAL ALLEGATIONS

12. Defendant restates and incorporates the responses to Paragraphs 1–11 above as if fully set forth herein.

---

[1] Plaintiff's Complaint contains two paragraphs numbered "3." For the sake of consistency, Defendant has included duplicative third paragraphs as well.
[2] Plaintiff's Complaint omits a paragraph 5.

2

13. Admitted.

14. Admitted.

15. Denied as stated.

16. Denied as stated.

17. Admitted.

18. Admitted.

19. Defendant avers that it employed Plaintiff as a Senior Workday HCM Consultant and denies the remaining allegations.

20. Denied as stated.

21. Admitted.

22. Admitted.

23. Denied.

24. Defendant admits it paid Plaintiff for all work performed. Except as expressly admitted herein, denied.

25. Denied.

26. Denied.

27. Defendant admits that it terminated Plaintiff in March 2020 for his gross misconduct in fraudulent billing and timekeeping practices.

28. Denied.

## FIRST CLAIM FOR RELIEF (CLAIM FOR VIOLATION OF THE FLSA)

30. Defendant restates and incorporates the responses to Paragraphs 1–28 above as if fully set forth herein.[3]

31. Admitted.

32. Admitted.

33. Admitted.

34. This paragraph contains a conclusion of law to which no response is required from Defendant.

35. Denied.

36. Denied.

37. Defendant denies it violated any of Plaintiff's rights under the FLSA or otherwise.

38. Denied.

39. Denied.

40. Denied.

## SECOND CLAIM FOR RELIEF (CLAIM FOR LAST PAYCHECK UNDER THE TEXAS LABOR CODE)

41. Defendant restates and incorporates the responses to Paragraphs 1–40 above as if fully set forth herein.

---

[3] Plaintiff's Complaint omits paragraph 29.

42. Defendant admits that Plaintiff brings his second claim under the Texas Labor Code but denies it is liable to Plaintiff under this statute or any other theory of law.

43. Admitted.

44. This paragraph contains a conclusion of law to which no response is required from Defendant.

45. Denied.

46. Denied.

Defendant denies that Plaintiff is entitled to any of the relief requested in the Section of the Complaint entitled "Prayer for Relief" and subparts A–H thereunder, and denies that Plaintiff is entitled to any relief whatsoever.

## **AFFIRMATIVE AND/OR ADDITIONAL DEFENSES**

Defendant alleges the following separate and independent affirmative defenses to Plaintiff's Complaint, without assuming the burden of proof where such burden is otherwise on Plaintiff pursuant to applicable substantive or procedural law. Defendant reserves the right to amend or supplement its affirmative defenses and assert counterclaims that may become known during the course of discovery or otherwise.

1. Except as expressly admitted hereinabove, Defendant denies the material allegations of Plaintiff's Complaint and demands strict proof thereof.

2. Plaintiff fails to state a claim upon which relief can be granted.

3. Defendant did not require and/or suffer or permit Plaintiff to perform the alleged overtime work described in Plaintiff's Complaint.

4. Plaintiff's claims are barred because he is exempt from the overtime requirements of the FLSA under the administrative, executive, and/or computer professional exemptions.

5. Plaintiff is estopped by his own conduct (including, but not limited to, his fraudulent reports of compensable time) from claiming any right to damages or other relief against Defendant.

6. To the extent Plaintiff has suffered injury, which Defendant expressly denies, any such injury is the result of acts or omissions of such Plaintiff, and not any act or omission of Defendant.

7. To the extent that Plaintiff performed tasks outside of his regularly scheduled working time, he did so in violation of Defendant's policies and without the knowledge or consent of Defendant.

8. Plaintiff's claims are barred, in whole or in part, by the doctrine of unjust enrichment to the extent he has been overpaid for time worked or paid for time not worked.

9. Plaintiff's Complaint is barred, in whole or in part, by the doctrine of avoidable consequences because he failed to comply with Defendant's lawful

policies concerning the reporting and payment of overtime and failed to use the internal procedures provided by Defendant to report any alleged violations of the FLSA.

10. The claims set forth in Plaintiff's Complaint are barred, in whole or in part, because Defendant timely and lawfully paid Plaintiff for all services rendered.

11. Should Plaintiff show that he is entitled to compensation under the FLSA (which Defendant denies), Defendant is entitled to offset gratuitous pay provided for non-compensable activities.

12. Plaintiff is not entitled to compensation for activities not necessary to the business and not performed primarily for the benefit of Defendant.

13. Plaintiff is estopped from claiming additional compensation by his acceptance of wages, submission of time records, and/or other actions or omissions on his part.

14. In the event Defendant violated the FLSA (which it denies), such violation was not willful. Defendant acted at all times in good faith and had reasonable grounds for believing its conduct did not violate the law.

15. In the event Defendant violated the FLSA (which it denies), such violation was inadvertent and unintentional.

16. Defendant's actions with respect to Plaintiff were taken in good faith. Defendant has not acted in reckless disregard of the law or engaged in any willful

violation of the law. By reason of the foregoing, Plaintiff is not entitled to liquidated or penalty damages under federal or state law. Moreover, only a two-year statute of limitations should apply.

17. Without conceding that Defendant has the burden of proof on this issue, and expressly denying that Plaintiff suffered any actionable damages, Defendant avers that Plaintiff failed to exercise reasonable diligence to mitigate his alleged damages, if any, or to otherwise avoid the alleged harm and his claims are therefore barred by, *inter alia,* the avoidable consequences doctrine.

18. Plaintiff is not entitled to a jury trial on any claims for equitable relief.

19. Defendant adopts all defenses and limitations under the FLSA.

20. Discovery has not been initiated in this case. Accordingly, Defendant reserves the right to amend this Answer.

## COUNTERCLAIMS

## JURISDICTION

1. Jurisdiction is proper as all counterclaims relate to the same transaction or occurrence that serve as the basis of Plaintiff's claims in this civil action. Jurisdiction is likewise proper under 28 U.S.C. § 1367.

## FACTS

2. Plaintiff inflated and/or falsified time that he claimed to have worked for Defendant and/or Defendant's customers.

3. Plaintiff billed Defendant and/or Defendant's customers for this inflated and/or falsified time.

4. Defendant and/or Defendant's customers paid Plaintiff for his inflated and/or falsified time.

5. Defendant's customers complained about Plaintiff's inflated and/or falsified time.

6. Plaintiff was allowed the use of a KBL-owned computer during his employment with KBL.

7. He was required to return this computer, along with all other KBL property, to KBL upon the termination of his employment.

8. To date, Plaintiff has not return KBL property, including the computer, to KBL.

9. Plaintiff took this property from KBL for his own use and/or benefit.

## FRAUD

10. Defendant restates and incorporates by reference paragraphs 1–8 set forth above.

11. Defendant asserts this claim in addition and/or in the alternative to any other matters asserted herein.

12. The conduct of Plaintiff noted above constitutes fraud.

13. Plaintiff made false material representations to Defendant by submitting statements to Defendant claiming falsified and inflated hours allegedly worked.

14. When these representations were made, Plaintiff knew the representations were false or made them recklessly, as positive assertions, and without knowledge of their truth.

15. Plaintiff made the representations with the intent that Defendant act on them.

16. Defendant relied on the representations and made payment to Plaintiff as billed or invoiced, and the representations caused injury to Defendant.

17. Alternatively and/or in addition, Plaintiff concealed from or failed to disclose certain facts to Defendant that falsified and inflated hours were being submitted to Defendant.

18. Plaintiff had a duty to disclose the facts to Defendant.

19. The facts were material. The Plaintiff knew the Defendant was ignorant of the facts and the Defendant did not have an equal opportunity to discover the facts.

20. The Plaintiff was deliberately silent when he had a duty to speak.

21. By failing to disclose the facts, the Plaintiff intended to induce the Defendant to take some action or refrain from acting.

22. The Defendant relied on the Plaintiff's non-disclosure. The Defendant was injured as a result of acting without the knowledge of the undisclosed facts and in paying for time not actually worked, as well as suffering damaged relationships with its customers.

23. Defendant seeks recovery of all actual damages.

24. Defendant is entitled to recover punitive damages as Plaintiff's conduct was committed with fraud and/or malice.

## BREACH OF FIDUCIARY DUTY

25. Defendant restates and incorporates by reference paragraphs 1–23 set forth above.

26. Defendant asserts this claim in addition and/or in the alternative to any other matters asserted herein.

27. Plaintiff was an employee of Defendant.

28. Plaintiff and Defendant were in a fiduciary relationship.

29. Alternatively and/or in addition, Plaintiff was acting as an agent for Defendant and thus Plaintiff and Defendant were in a fiduciary relationship.

30. The conduct of Plaintiff noted above constitutes a breach of fiduciary duty owed to Defendant.

31. The Plaintiff's breach resulted in injury to the Defendant and benefit to the Plaintiff.

32. Defendant seeks recovery of all actual damages.

33. Defendant is entitled to recover punitive damages as Plaintiff's conduct was committed with fraud and/or malice.

## CONVERSION

34. Defendant restates and incorporates by reference paragraphs 1–32 set forth above.

35. Defendant asserts this claim in addition and/or in the alternative to any other matters asserted herein.

36. The conduct of Plaintiff noted above constitutes conversion.

37. Defendant owned, possessed or had the right to immediate possession of personal property.

38. The Plaintiff wrongfully exercised, and continues to wrongfully exercise, dominion and/or control over the personal property.

39. Because of Plaintiff's continued exercising dominion over Defendant's personal property, Defendant suffered, and continues to suffer, an injury.

40. Defendant seeks recovery of all actual damages.

41. Defendant is also entitled to recover punitive damages as Plaintiffs conduct was committed with fraud and/or malice.

## UNJUST ENRICHMENT

42.Defendant restates and incorporates by reference paragraphs 1–40 set forth above.

43.Defendant asserts this claim in addition and/or in the alternative to any other matters asserted herein.

44.Plaintiff has obtained a benefit from Defendant from his fraudulent timekeeping conduct noted above.

45.Plaintiff has further obtained a benefit from Defendant from his taking an undue advantage of Defendant by unlawful and/or impermissibly retaining possession over Defendant's personal property.

46.Because of this conduct, Defendant suffered injuries.

47.Plaintiff has obtained a benefit from Defendant from fraudulent conduct and his taking an undue advantage of Defendant and the retention of this benefit would be unconscionable.

48.Defendant seeks recovery of all actual damages.

49.Defendant is also entitled to recover punitive damages as Plaintiffs conduct was committed with fraud and/or malice.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Defendant prays that all claims of Plaintiff be denied, that Plaintiff recover nothing and that Defendant

recover all relief noted above on its counterclaims, including actual damages, additional damages, punitive damages, equitable relief, costs, attorney's fees, pre-judgment interest, post-judgment interest and such other and further relief as the Court may find appropriate.

                              Respectfully Submitted,

                              */s/ Stephen C. Jackson*
                              Stephen C. Jackson
                              Maynard Cooper & Gale, P.C.
                              1901 Sixth Avenue North
                              Regions Harbert Plaza Suite 2400
                              Birmingham, AL 35203
                              Telephone: (205) 254-1000
                              Fax: (205) 254-1999
                              Email: sjackson@maynardcooper.com
                              *Attorneys for KBL Associates, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Josh Sanford
SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford
Suite 411
Little Rock, AR 72211
(501) 221-0088
josh@sanfordlawfirm.com

                                         /s/ *Stephen C. Jackson*
                                         Of Counsel