IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**BRAD KLINGE**                                                                            **PLAINTIFF**

vs.                                        No. 5:20-cv-470-XR

**KBL ASSOCIATES, LLC, and**                                          **DEFENDANTS**
**KIMBERLY LEATHERWOOD**

## MOTION TO DISMISS COUNTERCLAIMS

COMES NOW Plaintiff Brad Klinge, by and through his attorney Josh Sanford of
the Sanford Law Firm, PLLC, and for his Motion to Dismiss Counterclaims of Defendant
KBL Associates, LLC ("Defendant"), he does state and allege as follows:

1.      In this case, Plaintiff seeks recovery under the Fair Labor Standards Act,
29 U.S.C. § 201, *et seq.* ("FLSA"), based on Defendant's failure to lawfully pay Plaintiff.
ECF. No. 1.

2.      Defendant filed its Counterclaims (ECF No. 6) alleging state law-based
fraud, breach of fiduciary duty, conversion and unjust enrichment claims.

3.      The counterclaims raised by Defendant are not allowed in FLSA overtime
cases and Defendant's Counterclaims should be dismissed.

4.      Because the Counterclaims asserted by Defendant are not permissible in
the context of FLSA-based litigation, this Court does not have jurisdiction over the
Counterclaims. Therefore, Defendant's Counterclaims must be dismissed pursuant to
Fed. R. Civ. P .12(b)(1).

5.      Additionally, the Counterclaims asserted by Defendant fail to state facts upon which relief can be granted. Therefore, Defendant's Counterclaims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b).

WHEREFORE, premises considered, Plaintiff Brad Klinge prays that the Court dismiss Defendant's Counterclaims; for his costs and a reasonable attorney's fee; and for all other just and proper relief to which he may be entitled.

## BRIEF IN SUPPORT

Defendant's Counterclaims should be denied and dismissed because the claims stated therein are exactly of the type generally held to be impermissible in an action under the FLSA. Plaintiff brings this motion seeking to dismiss the Counterclaims for failure to state a claim under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  As the Counterclaim is pled, it asserts facts but no cause of action against Plaintiff, and this Court does not have jurisdiction over the claims.

**A. This Court should dismiss Defendant's Counterclaims for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).**

Defendant's Counterclaims are based on what it alleges are falsely reported hours to Defendant and its customers (fraud, unjust enrichment and breach of fiduciary duty) and Plaintiff's purported possession of Defendant's property (conversion and unjust enrichment). Defendant's Counterclaims should be dismissed because these types of state-law claims are wholly impermissible in an FLSA proceeding. As discussed below, Courts have held as a matter of law that the types of claims brought by Defendant should not be pursued in cases brought under the FLSA because they violate the public policies behind the FLSA. Some courts have used this standard to dismiss such counterclaims based upon lack of supplemental jurisdiction, while other

courts dismiss such counterclaims without reference to jurisdictional issues, but it is well-settled in the Fifth Circuit that cases involving unpaid wages should exclusively examine wage claims.

    1.  *Defendant's Counterclaims are not compulsory.*

Rule 13 provides for two categories of counterclaims: compulsory and permissive. F. R. Civ. P. 13(a)–(b). A claim "arising out of the transaction or occurrence that is the subject matter of the opposing party's claim" must be asserted in a counterclaim or it is considered waived pursuant to Rule 13(a). *Id.*; *see also Poole v. Dhiru Hosp., LLC*, Civil Action No. SA-18-CV-636-XR, 2019 U.S. Dist. LEXIS 138081, at *22-29 (W.D. Tex. Aug. 15, 2019). The Fifth Circuit has created the "logical relation" test to determine whether a claim meets this criterion. *Ormet Primary Aluminum Corp. v. Ballast Techs., Inc.*, 436 Fed. Appx. 297, 299 (5th Cir. 2011). In evaluating whether a claim is compulsory, Courts consider the following:

> (1) whether the issues of fact and law raised by the claim and counterclaim largely are the same; (2) whether res judicata would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) whether substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; and (4) whether there is any logical relationship between the claim and the counterclaim

*Poole*, 2019 U.S. Dist. LEXIS 138081, at *22.

Defendant's fraud, conversion, breach of fiduciary duty and unjust enrichment claims do not meet the logical relation test. None of the facts alleged in Plaintiff's Complaint and Defendant's Counterclaims overlap, and neither do the legal standards involved in evaluating each claim. The elements of res judicata are as follows: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims

as were raised or could have been raised in the first action." *Steger v. Muenster Drilling Co., Inc.*, 134 S.W.3d 359, 368 (Tex. App.—Fort Worth 2003, pet. denied). Although the parties to the Complaint and Counterclaims may be the same, a ruling on whether Defendant paid Plaintiff a lawful minimum wage and overtime rate does not involve a final judgment on the accuracy of statements made by Plaintiff to Defendant, the duty owed by Plaintiff to Defendant, or the return of personal property allegedly belonging to Defendant. Therefore, there is no concern that Defendant cannot separately litigate its state law claims in an appropriate forum.

Plaintiff's FLSA claims will necessarily involve evidence focusing on his hours worked and payment received. Defendant's counterclaims focus on wholly separate issues and agreements, including Plaintiff's alleged retention of a company computer and his alleged improper billing of Defendant's customers. These claims will include an entirely different set of evidence. While Plaintiff's claims will require close examination of his time sheets, pay roll, and personal testimony, Defendant's evidence will rest on computer data, billing invoices, employment agreements, statements made by Plaintiff to Defendant, and fiduciary obligations owed by Plaintiff to Defendant. *See Beck v. Access eForms, LP*, Civil Action No. 4:16-cv-985, 2018 U.S. Dist. LEXIS 1690, at *12 ("Defendant's counterclaims will require a different body of evidence to be proven and they do not share common facts with the FLSA claims."). Indeed, the only relation between Defendant's and Plaintiff's claims is their employer-employee relationship, a nexus which is insufficient for a Court to exercise either compulsory or permissive jurisdiction over. *Id.*, at *12–13 (citing *Cordero v. Voltaire, LLC*, No. A-13-CA-253-LY, 2013 U.S. Dist. LEXIS 172532 (W.D. Tex. Dec. 6, 2013)).

*2. Defendant's Counterclaims are not permissive and the Court should decline to exercise supplemental jurisdiction.*

"Permissive counterclaims must either be supported by independent grounds of federal jurisdiction or fall within the supplemental jurisdiction of the court under 28 U.S.C. § 1367." *Poole*, 2019 U.S. Dist. LEXIS 138081, at *22. Defendant does not allege any independent grounds of federal jurisdiction for its state law claims. Section 1367 permits supplemental jurisdiction over all counterclaims, regardless of whether the claims are deemed compulsory or permissive, that "are so related to the claims in the action within such original jurisdiction that they form a part of the same case or controversy." 28 U.S.C. § 1367(a). Even where federal courts otherwise have supplemental jurisdiction, they may decline to exercise that supplemental jurisdiction if:

> 1) the claim raises a novel or complex issue of State law; 2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; 3) the district court has dismissed all claims over which is has original jurisdiction; or 4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

While frequently addressed in the context of "set-off," counterclaims of the type filed by Defendant have been held by numerous courts in the Fifth Circuit, including in this district, to be impermissible in cases arising under the FLSA.[1] Indeed, the Fifth Circuit explicitly disfavors these types of counterclaims against employees because "[t]he federal courts were not designated by the FLSA to be either collection agents or arbitrators for an employee's creditors." *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974);

---

[1]     *See, e.g.*, *Henderson v. Dat Dog Enters., LLC*, No. 17-17654, 2019 U.S. Dist. LEXIS 4734, at *9 (E.D. La. Jan. 10, 2019); *Hiser v. Guidance*, No. 1:18-CV-1056-RP, 2019 U.S. Dist. LEXIS 83225, at *5 (W.D. Tex. Apr. 23, 2019); *Poole v. Dhiru Hosp., LLC*, Civil Action No. SA-18-CV-636-XR, 2019 U.S. Dist. LEXIS 138081, at *22-29 (W.D. Tex. Aug. 15, 2019); *Beck v. Access eForms, LP*, Civil Action No. 4:16-CV-00985, 2018 U.S. Dist. LEXIS 1690, at *11-14 (E.D. Tex. Jan. 4, 2018); *Lund v. HovÉ Parfumeur, Inc.*, No. 18-6061, 2018 U.S. Dist. LEXIS 203229, at *4-6 (E.D. La. Nov. 29, 2018).

see also *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 741 (5th Cir. 2010). Such set-offs are "inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions" because the minimum wage required under the FLSA should be paid "free and clear," and the individual worker should have both the freedom and responsibility of allocating those wages among competing personal and economic interests. *Brennan*, 491 F.2d at 3–4. Further, the very nature of counterclaims surrounding issues other than minimum wage and overtime are "antithetical" to the purpose of the FLSA: "Arguments and disputations over claims against . . . wages are foreign to the genesis, history, interpretation, and philosophy of the [FLSA]. The only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards." *Id.* at 4.

The Fifth Circuit has recognized one very narrow exception to the prohibition on employer counterclaims against an employee's wages. *See Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 741–742 (5th Cir. 2010); *Singer v. City of Waco*, 324 F.3d 813 (5th Cir. 2003). In *Martin*, the Fifth Circuit determined that counterclaims are only permitted when "the money being set-off can be considered wages that the employer pre-paid to the plaintiff-employee" or money that could be "characterized as advanced or inappropriate amounts subject to an offset." 628 F.3d at 742.

This Court should decline to exercise supplemental jurisdiction over Defendant's counterclaims. As stated earlier, Defendant's claims for allegedly making fraudulent statements, overbilling clients, and withholding personal property are not so related to Plaintiff's FLSA claims that they are part of the same controversy. Defendant's conversion claim and part of its unjust enrichment claim rests on Plaintiff's alleged

retention of a company computer, and its breach of fiduciary duty claim is premised on Plaintiff's alleged wrongful billing of Defendant's customers. None of these claims arise out of Plaintiff's job duties, the number of hours he worked, or whether he was properly paid. *See Rodriguez v. Horizontal Rentals, Inc.*, No. 5:18-cv-7-OLG, 2018 U.S. Dist. LEXIS 226663, at *7 (W.D. Tex. May 9, 2018) ("The damages alleged in connection with these claims bear no relationship to the hours worked, Plaintiff's status as an exempt or non-exempt employee, or any overtime premium owed."). Defendant's claims will require a different body of evidence to prove claims wholly unrelated to Plaintiff's.

Further, "[t]here are strong policy reasons for declining supplemental jurisdiction" because "[t]he exercise of supplemental jurisdiction in this case would chill the effectiveness of the FLSA." *Beck*, 2018 U.S. Dist. LEXIS 1690, at *13 (citing *Barcena v. Tam Fin. Corp.*, No. EP- 07-CA-20-KC, 2007 U.S. Dist. LEXIS 38674 (W.D. Tex. May 8, 2007)). Defendant's counterclaims are the very types of counterclaims courts are hesitant to find supplemental jurisdiction over in FLSA cases. *See, e.g.*, *Poole*, 2019 U.S. Dist. LEXIS 138081, at *29 (dismissing the defendant's counterclaims for fraud alleging the plaintiffs have double-billed the defendant's clients); *Henderson v. Dat Dog Enters., LLC*, No. 17-17654, 2019 U.S. Dist. LEXIS 4734, at *13 (E.D. La. Jan. 10, 2019) (declining to exercise supplemental jurisdiction over the defendant's unjust enrichment claims alleging the plaintiffs' retention of unreported tips). Indeed, Defendant's conversion and breach of fiduciary duty claims are the types of claims that will predominate over Plaintiff's FLSA claims: Plaintiff's sober yet far-reaching wage claims will be buried under Defendant's titillating images of wrongdoing and evil intent that are inherent in allegations of conversion and breach of fiduciary duty.

To the extent Defendant's unjust enrichment and/or fraud claims for allegations of falsified time sheets can be reformed into a claim for set-off falling within the narrow exception of *Martin*, the Court should decline to do so. This issue can be addressed through Defendant's assertion of offset as an affirmative defense. Def. KBL Assocs. LLC's Answer and Affirmative Defenses to Pl.'s Compl. and Countercl. ("Counterclaim"), p. 6–7, ¶ 8, 11. ECF No. 6.

Ultimately, while courts may differ somewhat in their approaches to addressing an employer's counterclaims in an FLSA case, it is clear that this Court lacks jurisdiction to hear Defendant's Counterclaims under any standard. There is no basis for original jurisdiction, and supplemental jurisdiction does not exist as the claims clearly do not arise out of the same case or controversy.  Moreover, if the Counterclaims were to go to trial, Plaintiff would be prejudiced by the finder of fact being presented with wholly irrelevant and false accusations of improper behavior by Plaintiff which could potentially confuse the finder of fact and improperly affect a decision on Plaintiff's FLSA claim. This Court should therefore decline to exercise supplemental jurisdiction and Defendant's Counterclaims should be dismissed.

## B. This Court should dismiss Defendant's Counterclaims for failure to state a claim pursuant to Rules 12(b)(6) and 9(b).

Additionally, this Court should dismiss Defendant's counterclaims against Plaintiff for failure to state a claim under Rules 12(b)(6) and 9(b). Dismissal pursuant to Rule 12(b)(6) is disfavored, and courts must accept all well-pled facts as true and view them in the light most favorable to the non-movant. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, the pleadings must provide specific facts rather than conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir.

1992). While "detailed factual allegations" are unnecessary, the pleader must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Thus, a complaint fails under Rule 12(b)(6) when it does not plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

   1. *Defendant's fraud Counterclaim fails under Rules 12(b)(6) and 9(b).*

A dismissal pursuant to Rule 9(b) for failure to plead fraud with particularity is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *Lovelace v. Software Spectrum*, 78 F.3d 1015, 1017 (5th Cir. 1996). However, Rule 9(b) requires a heightened pleading standard when making claims for fraud, and the pleader must plead the circumstances with particularity. Fed. R. Civ. P. 9(b); *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010). The pleader must therefore "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (quoting *Williams*, 112 F.3d at 179).

Common law fraud claims brought in federal court are subject the heightened pleading requirements of Rule 9(b). *Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 582 (N.D. Tex. 2013). Thus, in order to successfully plead fraud, Defendant must

demonstrate with particularity the following: (1) the Plaintiff made a representation to Defendant; (2) the representation was material; (3) the representation was false; (4) when Plaintiff made the representation, Plaintiff knew it was false or made the representation recklessly and without knowledge of its truth; (5) Plaintiff made the representation with the intent that Defendant would act on it; (6) Defendant relied on the representation; and (7) the representation caused Defendant injury. *See Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032-33 (5th Cir. 2010) (stating the elements of Texas fraud claims) (citing *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)).

Defendant's fraud claim does not meet the heightened pleading standard required by Rule 9(b). While Defendant states that Plaintiff submitted falsified and inflated hours worked on his time sheets, Defendant provides no particularity regarding the "when, where, and how" of its fraud claim. Notably absent from Defendant's claims are any statements regarding how his time was recorded, how he submitted his time to Defendant, which of his time sheets were falsified, how many times the falsified time sheets were submitted and paid, or how Defendant became aware of the falsified time. Defendant fails to point to any specific instance where the fraud it alleges actually occurred. Defendant merely makes the bald assertion that it happened without providing any factual detail. Counterclaim, p. 9–11, ¶ 10–24. ECF No. 6. These conclusory allegations are the type of pleading Rule 9(b) is intended to prevent: Plaintiff brings a claim for unpaid overtime wages, and Defendant's immediate defense is to make unsupported claims that Plaintiff lied about his time. Defendant's fraud claims should be dismissed for failure to make a claim.

2. *Defendant's remaining claims fail under Rule 12(b)(6).*

Defendant's other claims of breach of fiduciary duty, conversion and unjust enrichment must likewise be dismissed pursuant to Rule 12(b)(6). While not subject to the heightened scrutiny required by Rule 9(b), Defendant's claims must still be "facial[ly] plausible" by demonstrating "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citations omitted).

To successfully plead breach of fiduciary duty, Defendant must show "(1) a fiduciary relationship between the plaintiff and defendant; (2) the defendant must have breached his fiduciary duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or benefit to the defendant." *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App. 2006). While Texas law recognizes a fiduciary duty between employees and employers, that duty is tempered by the nature of the employment relationship including the employee's duties and responsibilities and his position within the company. *See Salas v. Total Air Servs., LLC*, 550 S.W.3d 683, 692 (Tex. App. 2018). Notably absent from Defendant's counterclaim are any facts demonstrating the level of duty Plaintiff owed Defendant. Defendant simply makes the conclusory statement that "Plaintiff and Defendant were in a fiduciary relationship." Counterclaim, p. 11, ¶ 28. This bald assertion of a fiduciary relationship does not provide enough facts to make the claims plausible on their face. *Twombly*, 550 U.S. at 570.  Also completely lacking is any explanation of the alleged injury suffered by Defendant for this claim. Plaintiff is unable to determine whether Defendant's purported injury is monetary, reputational, or some other form of damage. The lone allegation that Defendant was injured is a restatement

of the element of the claim and not a fact upon which the Court can determine a plausible claim exists.

Defendant's conversion claims fail for the same reasons as stated above. "Conversion is the unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another to the exclusion of, or inconsistent with, the owner's rights." *Khorshid, Inc. v. Christian*, 257 S.W.3d 748, 758-59 (Tex. App. 2008) (citing *Waisath v. Lack's Stores, Inc.,* 474 S.W.2d 444, 447 (Tex. 1971)). A successful claim for conversion must prove: (1) a party owned or had legal possession of property or entitlement to possession; (2) the other party unlawfully and without permission assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with, the original party's rights as an owner; (3) the other party demanded return of the property; and (4) the party refused to return the property. *Id.* (citing *Smith v. Maximum Racing, Inc.*, 136 S.W.2d 337, 341 (Tex. App. 2004)). Fatally absent from Defendant's claims for conversion is any statement alleging Defendant demanded return of the property from Plaintiff or any other details surrounding Plaintiff's retention of Defendant's computer. Defendant merely states that "[t]o date, Plaintiff has not return [sic] KBL property, including the computer, to KBL." Counterclaim, p. 9, ¶ 8. Moreover, Defendant does not describe the value of the property it alleges was converted with any specificity. Also absent from Defendant's allegations are facts relating to damages, and therefore, no factual allegations of proximate cause.

Finally, Defendant's unjust enrichment claims must likewise be dismissed. "An action for unjust enrichment is based upon the equitable principle that a person

receiving benefits which were unjust for him to retain ought to make restitution." *Bransom v. Standard Hardware*, 874 S.W.2d 919, 927 (Tex. App. 1994) (citing *Corpus Christi v. S. S. Smith & Sons Masonry, Inc.*, 736 S.W.2d 247, 250 (Tex. App. 1987)). Recovery for unjust enrichment is "based on fundamental principles of justice or equity and good conscience which give rise to an implied or quasi-contract to repay." *Id.* (citing *Allen v. Berrey*, 645 S.W.2d 550, 553 (Tex. App. 1982)). "A right of recovery under unjust enrichment is essentially equitable and does not depend upon the existence of a wrong." Id. (citing *Fun Time Ctrs., Inc. v. Cont'l Nat'l Bank*, 517 S.W.2d 877, 884 (Tex. Civ. App. 1974)). Defendant's claims for unjust enrichment fail to describe with any particularity the circumstances giving rise to Plaintiff's enrichment. As with Defendant's claims for fraud, Defendant fails to provide any facts stating how Plaintiff was unjustly enriched, how often it occurred, or any amount for which he was unjustly enriched.

## C. Conclusion

Defendant's allegations do not meet any of the Fifth Circuit tests for a compulsory counterclaim or permissible counterclaim. Thus, this Court does not have subject matter jurisdiction over Defendant's Counterclaims and they should be dismissed pursuant to Rule 12(b)(1). Alternatively, Defendant's allegations are not supported by facts and do not constitute actionable claims, therefore the Counterclaims must be dismissed for failure to state a claim pursuant to Rule 12(b) and 9(b).

Respectfully submitted,

**PLAINTIFF BRAD KLINGE**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I, Josh Sanford, do hereby certify that on the date imprinted by the CM/ECF system, a true and correct copy of the foregoing MOTION TO DISMISS was filed via the CM/ECF system, which will provide notice to the attorneys named below:

Stephen C. Jackson, Esq.
Maynard Cooper & Gale, P.C.
1901 Sixth Avenue North
Regions Harbert Plaza, Suite 2400
Birmingham, Alabama 35203
Telephone: 205-254-1000
Facsimile: 205-254-1999
sjackson@maynardcooper.com

*/s/ Josh Sanford*
**Josh Sanford**