IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **BRAD KLINGE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 5:20-cv-00470 |
| ) | |
| **KBL ASSOCIATES, LLC, and** ) | |
| **KIMBERLY LEATHERWOOD** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |

**DEFENDANT KBL ASSOCIATES, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS**

Defendant KBL Associates LLC ("KBL" or "Defendant"), improperly named as "KBL Associates, LLC", hereby submits this Response in Opposition to Plaintiff Brad Klinge's Motion to Dismiss KBL's Counterclaims. This Response is directed at Plaintiff's Motion to Dismiss KBL's counterclaims for (i) Breach of Fiduciary Duty, and (ii) Unjust Enrichment. As for KBL's remaining counterclaims for Fraud and Conversion, KBL will submit Amended Counterclaims pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).[1]

---

[1] Rule 15 allows a party the opportunity to amend once as a matter of course a pleading to which a responsive pleading is required within the earlier of (i) 21 days after the service of the responsive pleading, or (ii) 21 days after service of a motion under 12(b), (e), or (f). *See* Fed. R. Civ. P. 15(a)(1)(B). Defendant's counterclaims are a "pleading . . . to which a responsive pleading is required." *Id.* Plaintiff responded to Defendant's counterclaims with a 12(b) motion, which was

**A.   The Court Has Subject-Matter Jurisdiction over Defendant's Counterclaims for Breach of Fiduciary Duty and Unjust Enrichment.**

*<u>Defendant's Counterclaims for Breach of Fiduciary Duty and Unjust Enrichment Arise Out of the Same Transaction or Occurrence as Plaintiff's Original Claims</u>*.

Federal Rule of Civil Procedure 13 divides counterclaims into two categories: compulsory and permissive. *See* Fed. R. Civ. P. 13. When a counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim," a party must either assert it under the compulsory counterclaim provision in Rule 13(a) or waive the right to recover on it forever. *See* Fed. R. Civ. P. 13(a). The purpose behind this rule is to both encourage parties and enable courts to settle all related claims in one civil action, which avoids wasteful and duplicative litigation that arises from a single transaction or occurrence. *See* 6 Wright & Miller, Federal Practice and Procedure § 1409 (3d ed. 2010).

To determine whether a counterclaim is compulsory, the Fifth Circuit uses the "logical relation" test. *See Ormet Primary Aluminum Corp. v. Ballast Tech., Inc.,* 436 F. App'x 297, 299 (5th Cir.2011). "There is a logical relationship between a potential counterclaim and the principal claim when the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Id.* As the Fifth Circuit has stated, "[t]he logical relation test is a loose standard which permits

---

served on May 29, 2020. (Doc. 11.) Therefore, Defendant has until June 19, 2020 to amend its counterclaims as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(B).

a broad realistic interpretation in the interest of avoiding a multiplicity of suits. The hallmark of this approach is its flexibility." *Plant,* 598 F.2d at 1361. This analytical framework for determining whether a counterclaim is compulsory asks whether: (1) the issues of fact and law raised by the claim and counterclaim are largely the same, (2) *res judicata* would bar a subsequent suit on the defendant's claim absent the compulsory counterclaim rule, (3) substantially the same evidence will support or refute both plaintiff's claims and defendant's counterclaims, or (4) there is any logical relationship between the claims and counterclaims. *See Tank Insulation Int'l v. Insultherm, Inc.*, 104 F.3d 83, 85–86 (5th Cir. 1997). So long as one of these prongs is met, a defendant's counterclaim is compulsory. *See id.* at 86.

At issue here are Defendant's counterclaims breach of fiduciary duty and unjust enrichment. (Doc. 9, pp. 11–13, ¶¶ 25–33, 42–49.) These claims are related to the hours Plaintiff alleges he worked for Defendant and for which Plaintiff is suing for alleged FLSA violations. (Doc. 1, pp. 4–5, ¶¶ 30–40). These counterclaims arise from Plaintiff's submission of time he falsely alleged he worked for Defendant (and billed to Defendant's customers). (Doc. 6, pp. 8–9, ¶¶ 2, 3). Defendant paid Plaintiff based on those statements and likewise charged its clients based on those false statements. (Doc. 6, p. 9, ¶ 4.)

Both Plaintiff's FLSA claim and counterclaims for breach of fiduciary duty and unjust enrichment ultimately focus on the amount of overtime pay owed to

Plaintiff (if any). *See Cordero v. Voltaire, LLC*, No. A-13-CA-253-LY, 2013 WL 6415667, at *4 (W.D. Tex. Dec. 6, 2013). To prevail on its counterclaim for a breach of fiduciary duty, Defendant will need to show that Plaintiff breached such duty to Defendant, which resulted in an injury to the Defendant. *See Hunn v. Dan Wilson Homes, Inc*, 789 F.3d 573, 581 (5th Cir. 2015). To prevail on its counterclaim for unjust enrichment, Defendant will need to show that Plaintiff wrongfully secured a benefit that would be unconscionable to retain. *See Texas Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 367 (Tex. App. 2009).

For both of these claims, Defendant will offer the exact same evidence. That is, Defendant will present evidence showing that the Plaintiff billed Defendant's clients for false or inflated hours he did not work. (Doc. 6, p. 8, ¶ 2.) Likewise, to prove his FLSA claim, Plaintiff will need to present evidence showing the overtime hours he worked and how much Defendant should have paid him. *See Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014). The focus for each will be how many hours did Plaintiff actually work. If Defendant proves its counterclaim for unjust enrichment and/or breach of fiduciary duty, Plaintiff will not be able to recover for any overtime hours that he did not work. *See LeCompte*, 780 F.2d at 1264. Indeed, the counterclaims at issue here relate directly to the hours Plaintiff allegedly worked and the wages received for those hours he allegedly work. *See Solano v. Ali Baba Mediterranean Grill, Inc.*, No. 3:15-CV-0555-G, 2015 WL

7770893, at *6 (N.D. Tex. Dec. 3, 2015). There is a clear logical relationship between the operative facts and evidence needed to prove Plaintiff's FLSA claim and Defendant's counterclaims for unjust enrichment, and breach of fiduciary duty. *See id.*; *Cordero*, 2013 WL 6415667, at *4; *LeCompte v. Chrysler Credit Corporation*, 780 F.2d 1260, 1264 (5th Cir. 1986) (employees cannot recover under the FLSA if they have "worked unauthorized overtime or falsified records to create a cause of action"). Thus, the these counterclaims are compulsory. *See* FED. R. CIV. P. 13(a).

<u>*The Court Has Supplemental Jurisdiction over Defendant's Counterclaims for Breach of Fiduciary Duty and Unjust Enrichment*</u>.

Federal courts have supplemental jurisdiction over compulsory counterclaims because to be compulsory counterclaims in the first place, they have already passed the more stringent test of arising out of the same "transaction or occurrence" as the jurisdiction-invoking claim, and therefore, by definition, satisfy § 1367(a)'s "same case or controversy" standard. *See Smith v. James C. Hormell Sch. of Va. Inst. of Autism*, 2010 WL 1257656, at *19 (W.D. Va. Mar. 26, 2010). Because Defendant's counterclaims for Breach of Fiduciary Duty and Unjust Enrichment are compulsory, the Court has supplemental jurisdiction over these counterclaims. However, even if these claims were merely permissive, the Court would also have supplemental jurisdiction over these counterclaims under § 1367.

5

Under § 1367(a), the district court may exercise supplemental jurisdiction over state claims that do not independently come within the court's jurisdiction so long as they "form part of the same case or controversy" as the claims which do fall within the court's original jurisdiction. *Halmekangas v. State Farm Fire and Cas. Co.,* 603 F.3d 290, 293 (5th Cir. 2010); 28 U.S.C. § 1367(a). Under § 1367(a), the question is whether the supplemental claims are so related to the original claims that they derive from a "common nucleus of operative fact." *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725 (1966). In making this inquiry, courts should look to whether a claimant would ordinarily be expected to try all the claims under consideration in a single proceeding. *Id.* The Court has supplemental jurisdiction over these counterclaims for two reasons.

First, the Court has an independent basis for federal jurisdiction over these state law claims—diversity of citizenship. Subject matter jurisdiction premised on diversity requires (1) complete diversity of citizenship between the parties and (2) an amount in controversy in excess of $75,000. *See* 28 U.S.C. § 1332. Here, Plaintiff's own allegations in his Complaint demonstrate there is complete diversity of citizenship between Plaintiff and the Defendants. Plaintiff is a citizen of Guadalupe County, Texas. (Doc. 1, p. 2, ¶ 6.) Defendant KBL is a Tennessee limited liability company. (Doc. 1, p. 2, ¶ 7.) Defendant Kimberly Leatherwood is a citizen of Tennessee. (Doc. 1, p. 2, ¶ 10.) Therefore, there is complete diversity of

citizenship between Plaintiff (Texas) and all Defendants (Tennessee) as required by § 1332(a). Moreover, the amount in controversy in this case exceeds the jurisdictional threshold of $75,000. Defendant's damages from overpaying Plaintiff wages, refunding customers, loss of personal property, and lost revenue from cancelled contracts and damaged relationships exceed this amount. Because the requirements for diversity jurisdiction are met, the Court has an independent basis for federal jurisdiction over Defendant's counterclaims sufficient to exercise supplemental jurisdiction.

Second, even if the Court did not have independent grounds for jurisdiction (which it does), Defendant's counterclaims "form part of the same case or controversy" as Plaintiff's FLSA claims. *Halmekangas,* 603 F.3d at 293. As explained above, there is significant overlap between the evidence needed to prove Plaintiff's original claims and Defendant's two counterclaims at issue here. *See supra* at 3–5. All claims and counterclaims will center on the amount of time actually worked by Plaintiff, whether his submitted time was inflated and/or falsified, and how much remuneration he received for actual time worked.

Finally, the Court should not refuse to exercise its supplemental jurisdiction over Defendant's counterclaims under § 1367(c). Under that provision, district courts are permitted (but are not required) to decline the exercise of supplemental jurisdiction over a claim if: "(1) the claim raises a novel or complex issue of State

law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

None of Defendant's counterclaims raises a complex or novel issue of state law. All of these counterclaims are well-established in Texas law, which would merely require this Court to analyze such claims under straightforward precedent. Likewise, these state law claims would not predominate over claims over which the Court has original jurisdiction. First, the Court *has* original jurisdiction over these state law claims under § 1332. *See supra* at 6–7. Second, there are no predominance concerns because the relevant evidence and analysis for the state law counterclaims overlap substantially with Plaintiff's FLSA claims. *See supra* at 3–5. Finally, the Court has not dismissed all claims over which it has jurisdiction, and there are no compelling reasons for declining supplemental jurisdiction over these counterclaims. In fact, exercising supplemental jurisdiction over these claims will lead to the efficient resolution of all claims related to the underlying facts at issue.

**B.     Defendant Has Sufficiently Stated a Claim for Breach of Fiduciary Duty and Unjust Enrichment.**

Defendant has pled facts sufficient to state a claim for breach of fiduciary duty and unjust enrichment. To survive a Rule 12(b)(6) motion to dismiss, a counterclaim must contain sufficient factual matter, accepted as true, to state a claim to relief that

is plausible on its face. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Detailed factual allegations are not necessary to state a claim under Rule 12(b)(6). *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007*).* A counterclaim can survive a motion to dismiss even if actual proof of the facts alleged is "improbable." *Id.* at 556. The court must take all of the factual allegations in the complaint as true. *See Iqbal,* 556 U.S. at 678.

Defendant has stated a claim for breach of fiduciary duty. The elements of a breach of fiduciary duty claim are: (1) a fiduciary relationship between the plaintiff and defendant; (2) the defendant must have breached his fiduciary duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or benefit to the defendant. *See Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App.—Dallas 2006). Texas courts have held that fiduciary relationships may arise between employees and employers. *See Molex, Inc. v. Nolen*, 759 F.2d 474, 479 (5th Cir. 1985); *Kinzbach Tool Co. v. Corbett–Wallace Corp.*, 138 Tex. 565, 160 S.W. 2d 509, 513 (1942). Generally speaking, the fiduciary relationship "contemplates fair dealing and good faith" and "refers to integrity and fidelity." *Johnson v. Brewer & Pritchard, P.C*., 73 S.W.3d 193, 199 (Tex. 2002). "When a fiduciary relationship of agency exists between employee and employer, the employee has a duty to act

9

primarily for the benefit of the employer in matters connected with his agency." *Abetter Trucking Co. v. Arizpe*, 113 S.W. 3d 503, 508 (Tex. App. 2003). "The employee has a duty to deal openly with the employer and to fully disclose to the employer information about matters affecting the company's business." *Id.*

Here, it is undisputed that Plaintiff and Defendant KBL were in an employment relationship. (Doc. 1, p. 3, ¶¶ 18–19.) This alone establishes that there may have been some fiduciary relationship between the parties—i.e., that it is "plausible." *Iqbal,* 556 U.S. at 678. Whereas a fiduciary relationship "contemplates fair dealing and good faith," *Johnson*, 73 S.W. 3d at 199, Defendant has alleged that Plaintiff falsified time he claimed to have worked and billed Defendant's customers for that time, which caused damage to Defendant. (Doc. 6, pp. 8–9, 11, ¶¶ 2–4, 22.) Following complaints from its customers, Defendant was forced to refund money fraudulently billed by Plaintiff and suffered damaged relationships with its customers. (Doc. 6, pp. 9, 11 ¶¶ 5, 22.) This is sufficient to state a plausible claim for relief for breach of fiduciary duty.

Defendant has also clearly stated a claim of unjust enrichment. "Unjust enrichment is an equitable principle holding that one who receives benefits unjustly should make restitution for those benefits." *Texas Integrated*, 300 S.W.3d at 367. A claim for unjust enrichment arises when a party has wrongfully secured a benefit or has passively received one which it would be unconscionable to retain. *See*

*Villarreal v. Grant Geophysical, Inc.*, 136 S.W. 3d 265, 270 (Tex. App. 2004). Defendant's counterclaims allege that Plaintiff inflated and/or falsified his submitted time and that he received pay for this inflated and/or falsified time. (Doc. 6, pp. 8–9, ¶¶ 2, 4.) In other words, Defendant alleges that Plaintiff lied about the amount of time he worked for Defendant and Defendant's customers and received pay based on such lies. This is a quintessential example of a party wrongfully securing and retaining a benefit to which he is not entitled.

## **Conclusion**

For the foregoing reasons, Plaintiff's Motion to Dismiss KBL's Counterclaims for breach of fiduciary duty and unjust enrichment should be denied.

Respectfully Submitted,

*/s/ Stephen C. Jackson*
Stephen C. Jackson
Maynard Cooper & Gale, P.C.
1901 Sixth Avenue North
Regions Harbert Plaza Suite 2400
Birmingham, AL 35203
Telephone: (205) 254-1000
Fax: (205) 254-1999
Email: sjackson@maynardcooper.com
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on June 12, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Josh Sanford
SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford
Suite 411
Little Rock, AR 72211
(501) 221-0088
josh@sanfordlawfirm.com

        /s/ *Stephen C. Jackson*
        Of Counsel